## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| SOURCECORP, INC. , | : | |
| formerly known as F.Y.I., INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 06-3673 (PBT) |
| | : | |
| VILLANDRY HOLDINGS, LLC | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                            **October 16, 2007**

Presently before this Court is Plaintiff, Sourcecorp, Incorporated's Motion for Summary Judgment (Doc. 12) and Defendant Villandry Holdings, LLC's Response and Cross-Motion for Summary Judgment (Doc. 13).  For the reasons set forth below, this Court will grant Plaintiff's Motion and deny Defendant's Cross-Motion.

## BACKGROUND

From the evidence of record the pertinent facts  are as follows.  Sourcecorp is a, self-described, leading provider of business process and document outsourcing solutions.  Sourcecorp was formerly known as F.Y.I. Incorporated ("FYI").  In June 2001, Servecore Business Solutions, Incorporated signed and delivered to FYI a Stock Purchase Agreement.   The Agreement contemplated the sale of PMI Imaging System, Inc., a wholly owned subsidiary of FYI, to Servecore. As part consideration for the agreement, Servecore  provided  FYI with a Subordinated Promissory Note ("the Note").   J. Kenneth Croney, in his capacity as Chairman of Servecore signed the Note. The Note delineated a payment agreement pursuant to which Servecore agreed to make principal payments on June 28, 2002, June 28, 2003, and June 28, 2004.  Additionally, Servecore agreed to

make interest payment every three (3) months, beginning September 30, 2001.

Servecore defaulted in paying the Note.  FYI , which became known as Sourcecorp, sent a letter to Servecore which accelerated the maturity of the Note, declaring it due and payable in full, and made demand for the entire unpaid balance of the Note.  Plaintiff avers that the amount due is $607,256.10, plus unpaid interest as of the date of the letter–August 18, 2003.   Thereafter, Sourcecorp sued Servecore and obtained judgment from this Court in the amount of $779,024.54, plus post-judgment interest at fifteen percent per annum until the judgment is fully satisfied. Sourcecorp v. Servecore, No. 05-mc-091 (E.D. Pa. June 30, 2005).

Plaintiff later learned that on the same day the Servecore executed the note in favor of FYI, in exchange for all shares of PMI Imaging, Servecore and Defendant Villandry, executed an Assignment and Assumption whereby Servecore assigned Villandry all rights and obligations under the Note.   Sourcecorp brings the present action requesting judgment in its favor in an amount in excess of $607,256.10, not including interest and attorney's fees.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(C).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis of its motion and identifying those portions of the record that it believes

demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial <u>Celotex</u> burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." <u>Id.</u> at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against opponent, even if the quality of the movant's evidence far outweighs that of its opponent." <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. <u>Anderson</u>, 477 U.S. at 25.

## DISCUSSION

As an initial matter, this Court must determine which forum state's law will govern the Agreement and the Note. Sourcecorp submits that the Court should apply Texas law pursuant to the choice of law provisions in the Agreement and the Note. While Villandry does not dispute that the Agreement and the Note provide that Texas law should apply, Villandry asserts that since it was not a party to either the Agreement or the Note, it is not clear that Texas law applies in this case.

In a diversity action, a district court must apply the choice of law rules of the state wherein

3

the court resides, here Pennsylvania, to determine which forum's law should govern the claims at issue.  Schum v. Bailey, 578 F.2d 493, 495 (3d Cir. 1978) (citing Klaxson Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  In Pennsylvania, the first question to be answered in addressing a potential conflict of laws dispute is whether the parties have chosen the relevant law.  Assicurazioni Generali, S.P.A. v. Clover, 195 F.3d 161, 164 (3d Cir. 1999).  If the parties have chosen a forum, it is well established that Pennsylvania courts will generally enforce their choice of law.  See, e.g., Kruzits v. Okuma Mach. Tool, Inc., 40 F.3d 52, 55 (3d Cir. 1994) (citing Smith v. Commonwealth Nat'l Bank, 557 A.2d 775, 777 (Pa. Super. 1989), appeal denied, 569 A.2d 1369 (Pa. 1990)).  However, the deference to the parties' choice is not absolute.  District courts sitting in Pennsylvania will invalidate a choice of law clause if (1) the chosen state has no substantial relationship to the parties or the transaction, or (2) if application of the law of the chosen state would be contrary to a policy of a state with a materially greater interest than the chosen state in the determination of the particular issue.  Kruzits, 40 F.3d at 55 (quoting Schifano v. Schifano, 471 A.2d 839, 843 (Pa. Super. 1984)); see also Restatement (Second) of Conflicts § 187 (1971).

It does not appear to this Court that there exists persuasive bases for invalidating the choice of law provisions of the Agreement and Note.  Texas has a substantial relationship to both the parties and the transaction since it is undisputed that: (1) Sourcecorp's principal place of business is located in Texas; (2) FYI's principal place of business was located in Texas; and (3) the closing of the Agreement occurred in Texas.  The present matter requires that this Court determine the appropriate standards for assignment of a contract and damages.  Defendant does not submit nor does this Court conclude that Pennsylvania has a materially greater interest than Texas in determination of these issues.  Accordingly, Texas law will apply.

4

A.      **Assignment**

Sourcecorp states that it is entitled to summary judgment against Villandry on Sourcecorp's claim.  According to Sourcecorp, Villandry is liable to Sourcecorp for breach of the Note because there is an amount certain due and owing on the Note and because Villandry assumed the obligation to pay the Note.  Villandry counters that summary judgment should be entered in its favor  because the assignment from Servecore to Villandry is invalid since it was not made in conformance with the anti-assignment clause set forth in the Agreement. Sourcecorp responds that the anti-assignment provision applies to the Agreement and does not apply to the Note.  Alternatively, Sourcecorp argues that even if the anti-assignment provision applies to the Agreement and the Note, Villandry, as a third party to the Agreement, cannot enforce the anti-assignment provision.  The  Court will address each parties contention in turn.

Under Texas law, to recover on a promissory note, Plaintiff must prove: (1) the existence of the  note in question, (2) the party sued signed the note, (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note.  Bean v. Bluebonnet Sav. Bank FSB, 884 S.W.2d 520, 522 (Tex. App.  1994); See also Resolution Trust Corp. v. Thurlow, 820 S.W.2d 51, 52 (Tex. App. 1991).

The existence of the Note is not in dispute.  Charles S. Gilbert, Senior Vice President, General Counsel and Secretary of Sourcecorp authenticates the Note.  (Gilbert Aff.  ¶¶ 3, 5) Defendant does not contest the validity of the Note.  The Gilbert Affidavit also establishes that Sourcecorp is the owner and holder of the Note.  Absent summary judgment proof to the contrary, Gilbert's Affidavit is sufficient to prove Villandry's status as owner and holder of the note.  Zarges v. Bevan, 652 S.W.2d 368, 369 (Tex. 1983).  Villandry does not controvert Gilbert's assertions.

5

Thus, the first and third element of the four-part test have been met.  However, the inquiry does not terminate here.

While Villandry does not explicitly address the four-part test, it effectively disputes that Sourcecorp has proved the second and fourth elements.  Villandry claims that: (1) it was not a signatory to the Note and the assignment was invalid since Sourcecorp did not consent to the assignment or waive the anti-assignment provision; and (2) Sourcecorp's internal accounting record reflects a principal amount due and owing of $272,223.30, an amount different than the amount set forth in Sourcecorp's Motion.  Sourcecorp offers the Note itself as evidence that Servecore's chairman signed the Note and  retorts that the anti-assignment provision applies to the Agreement not the Note.  However, assuming *arguendo* that the anti-assignment applies to the Note, Sourcecorp argues that only it, as the non-assigning party has the right to object to an assignment.

First, Sourcecorp's argument that the anti-assignment provision applies to the Agreement only is an non-starter since the Agreement specifically contemplates the Note.  (See Pl. Mot. Summ. J. Ex. B § 1.1.)  Accordingly, the Note cannot be severed from the agreement.  The anti-assignment provision does indeed apply to the Note since the Note is an express part of the Agreement.

Nevertheless, Villandry, a third party to the agreement cannot enforce the anti-assignment provision. The Agreement states, "[n]o party hereto may assign this Agreement without the prior written consent of the other party hereto.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns." This contractual limitation is for the benefit of non-assigning party, in this case Sourcecorp, and only Sourcecorp not Villandry has the standing to object the absence of a writing reflecting Sourcecorp's approval of the assignment.   It is apparent that Sourcecorp does not wish to object to the assignment on this basis

6

and indeed, to the contrary, supports the assignment.  Assignment of the Agreement is valid and all obligations of the Agreement including the Note are valid and enforceable against Villandry.  See Restatement of the Law (Second) Contracts, § 322© ("A contract term prohibiting assignment of rights under the contract, unless a different intention is manifested, is for the benefit of the obligor, and does not prevent the assignee from acquiring rights against the assignor or the obligor from discharging his duty as if there were no such prohibition.")  Overwhelming jurisprudence supports this holding. See, e.g., Paxson v. Commissioner, 144 F.2d 772 (3d Cir. 1944); Rehab. Inst. of Pittsburgh v. Blue Cross & Blue Shield of N.W. Va., Inc., 1984 U.S. Dist. LEXIS 24780 (D. Pa., July 27, 1984 ); Kehoe v. Kehoe-Berge Coal Co., 130 A.2d 165 (1957); See also Bel-Ray Co. v. Chemrite Ltd., 181 F.3d 435 (1999)(citing the Restatement "'(2) A contract term prohibiting assignment of rights under the contract, unless a different intention is manifested . . . .  (b) gives the obligor a right to damages for breach of the terms forbidding assignment but does not render the assignment ineffective . . . .'")

**B.    Amount Due Under the Note**

As proof of the fourth element of the four-part test, Sourcecorp offers the Gilbert Affidavit which denotes that the total amount principal and interest currently due under the Note is calculated as follows:

| | |
|---|---|
| Principal: | $607,256.10 |
| Interest from 7/1/03 through 8/18/03, at 9% per annum: | $7,287.07 |
| Interest from 8/19/03 through 7/27/07, at 15% per annum: | $452,118.54 |
| Total amount due through July 27, 2007: | $1,066,661.71 |

Gilbert Aff. ¶ 11.

In a footnote to its Response and Cross Motion, Defendant asserts that contrary to the amount set forth in the Gilbert Affidavit, the Detail General Ledger reflects a principal balance due and owning of $272,223.30.   Villandry states that even if the Court decides to grant Sourcecorp's Motion, there remains issue as to the correct amount of Judgment.   The Court does not agree.  Villandry has not exceeded the "mere scintilla" of evidence threshold to establish that there exists a genuine issue of material fact.  See Big Apple BMW, Inc., 974 F.2d 1358, 1363. Charles Gilbert's Initial Affidavit, his Affidavit in response to Defendant's Response and Cross Motion for Summary Judgment, and Sourcecorp's spreadsheet with the current balance serves[1] as rebuttable evidence sufficient to establish that the amount due under the Note is indeed $1,066,661.71.  Villandry's tepid accusation that a General Ledger (which Sourcecorp never represented as reflecting the balance due) reflects an amount inconsistent with Plaintiff's Motion, cannot serve as effective rebuttal to defeat Plaintiff's summary judgment motion.

## <u>CONCLUSION</u>

This Court being satisfied that Plaintiff has met its burden on the issue of recovery of the Note and Defendant having raised no genuine issue of material fact, the Court will grant Plaintiff's Motion for Summary Judgment.  An appropriate Order follows.

---

[1] See Pl. Mot. Summ. J. Ex F; Pl. Mot. Summ. J. Aff. Charles S. Gilbert; Pl. Resp. Aff. Charles S. Gilbert;

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **SOURCECORP, INC. ,** | : | |
| **formerly known as F.Y.I., INC.,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 06-3673 (PBT)** |
| | : | |
| **VILLANDRY HOLDINGS, LLC** | : | |
| **Defendant.** | : | |

**O R D E R**

**AND NOW**, on this _____ day of October, 2007, upon consideration of Plaintiff,

Sourcecorp, Incorporated's Motion for Summary Judgment (Doc. 12) and Defendant Villandry

Holdings, LLC's Response and Cross-Motion for Summary Judgment (Doc. 13), **IT IS**

**HEREBY ORDERED and DECREED** that Plaintiff's Motion is **GRANTED** and Defendant's

Cross Motion for Summary Judgment is **DENIED**.

      **IT IS FURTHER ORDERED** that:

1.     Final judgment is entered in favor of Sourecorp and against Villandry in the total

amount of $1,127,876.62, which reflects $1,066,661.71 for principal interest,

$55,240.00 for attorneys' fees, and $5,974.91 for costs;

2.     With respect to the final judgment amount of $1,127,876.62, Sourcecorp is

entitled to pre-judgment interest fifteen percent (15%) per annum from July 28,

2007, until the date of this Order, together with post-judgment interest at fifteen

percent (15%) per annum, as provided in the underlying promissory note, and as

provided under Texas law from the date of this Order, until the judgment is fully

satisfied;

3.       All writs of execution and processes necessary to enforce this Final Judgment

shall issue upon application by Sourcecorp.

4.       All other relief not expressly granted herein is denied.


                              **BY THE COURT:**

                              **/s/ Petrese B. Tucker**

_____

                                    **Hon. Petrese B. Tucker, U.S.D.J.**